UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :    06 Cr. 600 (DLC)
                                         :
        -v-                              :    MEMORANDUM OPINION
                                         :       AND ORDER
ALI AWAD,                                :
                                         :
            Defendant.                   :
                                         :
---------------------------------------- X

DENISE COTE, District Judge:

On July 1, 2014, petitioner Ali Awad filed a motion to set aside judgment pursuant to Rule 60(b)(3), Fed. R. Civ. P.  This is a successive habeas petition.  As a result, it will be transferred to the Court of Appeals if petitioner does not withdraw the motion within 30 days.

Awad was convicted in 2007, following a jury trial, of narcotics offenses related to the importation and distribution of khat containing cathinone.  On October 5, 2007, this Court sentenced Awad principally to concurrent terms of 12 months' imprisonment and 121 months' imprisonment on the two counts of conviction.  Both the Government and Awad appealed.  On March 11, 2010, the Court of Appeals denied Awad's appeal and granted the Government's cross-appeal, vacating the 12 month sentence. The case was remanded for resentencing.  On February 25, 2011, Awad was resentenced to 84 months' imprisonment to run

concurrently with the 121 month sentence previously imposed. The Court of Appeals affirmed the conviction on February 22, 2012.

Awad filed a timely petition for a writ of habeas corpus. Awad sought a reduction of the sentence of 121 months to a term of 84 months. Awad argued that the sentence of 121 months created an unwarranted sentence disparity, that the forfeiture money judgment should be vacated, and that his trial attorney was ineffective. As for the last issue, Awad argued that his attorney failed to argue that the importation and distribution of khat in plant form, even when it contains cathinone, is not a violation of the Controlled Substances Act. On December 11, 2012, the petition was denied. The Court declined to issue a certificate of appealability. On July 23, 2013, the Court of Appeals denied Awad's motion for a certificate of appealability.

In his July 1, 2014 motion, Awad requests this Court to "consider the fraud to which it was subjected, reverse Petitioner's conviction, offset the fraudulent forfeiture money judgment and immediately order Petitioner's release." Awad principally argues that the United Nations Convention on Psychotropic Substances creates an issue "of first impression," that his trial counsel was ineffective in failing to raise it, and that based on his analysis of the Convention his conviction must be reversed. This motion constitutes an attack on Awad's

conviction and is properly characterized as a petition for a writ of habeas corpus.  See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) ("a Rule 60(b) motion that *attacks the underlying conviction* presents a district court with" the option to "treat the Rule 60(b) motion as a second or successive habeas petition" (citation omitted)).

Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  Section 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Therefore, a second or successive habeas petition filed initially in the district court must be transferred to the Court of Appeals.  Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam).  The Second Circuit has stated that district courts should

> be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to [the Court of Appeals] until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing . . . the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction.

Harris, 367 F.3d at 82 (citation omitted).  Accordingly, it is

3

hereby

ORDERED that petitioner is given notice of the Court's intent to treat the motion as a successive habeas petition and given 30 days to withdraw the motion, if he elects to do so. If petitioner does not withdraw the motion within 30 days, it will be transferred to the Court of Appeals for the Second Circuit for treatment as a successive petition.

Dated:   New York, New York
         July 21, 2014

                                    _____
                                    DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Ali Awad
13002-041
Federal Prison Camp
P.O. Box 1000
Duluth, Minnesota 55814