UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA  :
                                                              : **PRELIMINARY ORDER OF**
           - v. -                            **FORFEITURE AS TO**
                                                        : **SUBSTITUTE ASSETS**
ALI AWAD,
    a/k/a "Alex"                         : S1 06 Cr. 600 (DLC)
    a/k/a "Ali Osman,"
:
                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about July 24, 2006, ALI AWAD, a/k/a "Alex," a/k/a "Ali Osman" (the "Defendant"), along with others, was charged in four counts of a six-count Indictment, S1 06 Cr. 600 (DLC) (the "Indictment") (Dkt. No. 47), with conspiracy to distribute and to possess with the intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cathinone, in a form commonly known as "khat," in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C) (Count One); with conspiracy to import, and the importation of, mixtures and substances containing a detectable amount of cathinone, in a form commonly known as "khat," in violation of Title 21, United States Code, Section 812, 952(a) and 960(b)(3) (Count Two); with money laundering conspiracy in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(1)(A)(i) (Count Three); and with engaging in a criminal enterprise, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 846, 952(a), 960(b)(3), and 963 (Count Five);

        WHEREAS, the Indictment included two forfeiture allegations seeking forfeiture to the United States pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds that the Defendant obtained directly or

1

indirectly as a result of the offenses alleged in Counts One, Two and Three of the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, including but not limited to, a sum of money equal to $10,000,000 in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment, and another sum of money equal to $10,000,000 in United States currency representing the amount of proceeds obtained as a result of the offenses allege in Count Three of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property (i) cannot be located or obtained; (ii) has been transferred or sold to a third party person; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be subdivided without difficulty; then the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about June 26, 2007, the Defendant was found guilty by a jury of Counts One and Two of the Indictment;

WHEREAS, on or about October 5, 2007, the Defendant was sentenced and ordered to forfeit $10,000,000 in United States currency, representing the amount of proceeds obtained directly or indirectly as a result of the controlled substance offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about October 25, 2007, the Court entered an Order of Forfeiture (the "Order of Forfeiture") (Dkt. No. 620) imposing a $10,000,000 money judgment against the Defendant (the "Money Judgment");

WHEREAS, to date the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a.     $243.30 in United States currency in the possession of the United States Marshals Service, representing refunds on federal tax returns made by the Internal Revenue Service to the Defendant that were intercepted by the Treasury Offset Program between January 14, 2017 and September 1, 2020; and

    b.     The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the unpaid balance of the Money Judgment.

(a. and b. collectively, the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

3

3. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9. The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

Dated: New York, New York
       January 31, 2023

SO ORDERED:

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

5